UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON E. SWANSON,

       Petitioner,

v.                                                          Civil Case No. 04-74296
                                                            Criminal Case No. 99-80890

UNITED STATES OF AMERICA,

       Respondent.                           Honorable Patrick J. Duggan

_____/


## <u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan,  on October 7, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On June 21, 2005, this Court issued an Opinion and Order: (1) granting Petitioner's

motion to vacate his sentence based on an incorrect criminal history and granting Petitioner

a new sentencing hearing; and (2) denying Petitioner's motion to vacate, set aside, or correct

his sentence based on the other grounds set forth in his motion pursuant to 28 U.S.C. § 2255.

Specifically, this Court did not believe that Petitioner's Sixth Amendment right to effective

assistance of counsel was violated when trial counsel failed to object when: (1) the Court

departed from the Sixth Circuit Pattern Jury Instructions; (2) the Court failed to instruct the

jury regarding "specific intent" as an element of the offense; (3) the Court allowed a racist

comment attributed to Petitioner to be introduced at trial; and (4) the prosecutor engaged in

actionable misconduct.   Furthermore, this Court did not believe Petitioner's Sixth Amendment right to effective assistance of counsel was violated when appellate counsel failed to advance these alleged constitutional violations in Petitioner's direct appeal.   On August 8, 2005, Petitioner filed a request for a Certificate of Appealability.

In general, 28 U.S.C. § 2253 governs appeals of habeas corpus proceedings.   Section 2253(a) provides that "[i]n a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."   However, unless a certificate of appealability is issued, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding.

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).   "Where a district court has rejected a petitioner's constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

As the Court does not believe that jurists of reason would find it debatable whether the district court was correct in its rulings on Petitioner's constitutional claims, the Court shall deny Petitioner's request for a Certificate of Appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Jason E. Swanson
No. 28128-039
F.C.I. Memphis
P.O. Box 34550
Memphis, TN 38184-0550

Carl D. Gilmer-Hill, AUSA