UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON E. SWANSON,                     Case No. 99-80890

    Defendant.                   Honorable Patrick J. Duggan

_____/

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on December 21, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is Defendant's Motion to Correct Judgment.

Defendant was originally sentenced on June 20, 2001. Defendant filed a motion pursuant to 28 U.S.C. § 2255 seeking relief from the judgment and the sentence that was imposed on June 20, 2001. Because the Court agreed that the Defendant's sentence on June 20, 2001 was based on an incorrect criminal history, the Court entered an order that Defendant be resentenced.

Defendant was resentenced on October 25, 2005. At the time of resentencing, the Court indicated that the fine would remain the same and the terms of supervised release would remain the same. The Court further indicated that it was not changing any of the other special conditions of supervised release.

Defendant contends that the judgment entered on October 25, 2005 contained some conditions of supervised release that were not specifically set forth by the Court at the time of resentencing.  Defendant objects to the sentence in the judgment of conviction under the topic  "Supervised Release" that states, "If the Defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405."  Defendant considers this to be a "condition" of supervised release not set forth by the Court at the time of the resentencing. Defendant contends that because the Court did not change any of the conditions of supervised release when it resentenced Defendant, the addition of the "condition" which provides, "If Defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405," is a "condition" that should not be in the judgment because it conflicts with the conditions of supervised release as pronounced by the Court at the time of resentencing.

While the Court did not state, "If Defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405," the Court does not deem this to be a "condition" of supervised release.  Public Law 108-405 was enacted, in part, "to provide post-conviction testing of DNA evidence to exonerate the innocent."  (*See* attached excerpt from Public Law 108-405).  It is simply informing the Defendant that, under existing law, if Defendant is convicted of a felony offense, DNA collection is required.  This is not a "condition" imposed by the Court.

Because the statement, "If the Defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405," is not a condition of supervised release, the

Court is satisfied that the judgment does not include a condition of supervised release contrary to those pronounced by the Court at the time of sentencing.

Therefore,

**IT IS ORDERED** that Defendant's "Motion to Correct Judgment" is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Carl D. Gilmer-Hill, A.U.S.A.
Margaret Sind Raben, Esq.
Jason Swanson

**UNITED STATES PUBLIC LAWS**
**108th Congress - Second Session**
**Convening January 7, 2004**

Copr. © 2005 Thomson/West.  No Claim to Orig. U.S. Govt.Works

Additions and Deletions are not identified in this database.
Vetoed provisions within tabular material are not displayed

PL 108-405 (HR 5107)
October 30, 2004
JUSTICE FOR ALL ACT OF 2004

  An Act To protect crime victims' rights, to eliminate the substantial backlog of DNA samples collected from crime scenes and convicted offenders, to improve and expand the DNA testing capacity of Federal, State, and local crime laboratories, to increase research and development of new DNA testing technologies, to develop new training programs regarding the collection and use of DNA evidence, to provide post-conviction testing of DNA evidence to exonerate the innocent, to improve the performance of counsel in State capital cases, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

<< 42 USCA § 13701 NOTE >>

 (a) SHORT TITLE.--This Act may be cited as the "Justice for All Act of 2004".

 (b) TABLE OF CONTENTS.--The table of contents for this Act is as follows:

Sec. 1. Short title;  table of contents.

    TITLE I--SCOTT CAMPBELL, STEPHANIE ROPER, WENDY PRESTON, LOUARNA GILLIS, AND
                    NILA LYNN CRIME VICTIMS' RIGHTS ACT

Sec. 101. Short title.